UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE BIGBY,

        Petitioner,

v.
        Case No. 05-CV-74661-DT
        Honorable Bernard A. Friedman

HUGH WOLFENBARGER,

        Respondent.
_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

Lawrence Bigby ("Petitioner"), a state inmate currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of two counts of first-degree criminal sexual conduct, M.C.L. § 750.520b(1)(a). For the reasons set forth below, this Court denies the petition for writ of habeas corpus.

### I. Procedural History

Petitioner was tried before a jury in Wayne County Circuit Court, the Honorable Daniel Ryan, presiding. Originally, the trial court sentenced Petitioner to seventeen and one half to twenty-five years imprisonment on both counts, counts to run concurrent.

Petitioner filed a direct appeal with the Michigan Court of Appeals, first, raising as his primary ground for reversal that his sentence violated the two-thirds rule of existing state law and, second, that he was denied effective assistance of counsel. The Michigan Court of Appeals

agreed with Petitioner regarding his sentencing and remanded the case to the trial court in order to allow Petitioner an opportunity to file a motion for re-sentencing, because the original sentence violated the two-thirds rule enunciated in *People v. Tanner*, 387 Mich. 683, 689-690, 199 N.W.2d 202 (1972). *People v. Bigby*, No. 226308 (Mich. Ct. App. Jan. 19, 2001). At re-sentencing, the trial court re-sentenced Petitioner to sixteen and one-half to twenty-five years imprisonment.

Then, on March 12, 2002, the Michigan Court of Appeals issued an unpublished *per curiam* opinion affirming Petitioner's convictions regarding his remaining claims. *People v. Bigby*, No. 226308, 2002 WL 393490 (Mich. Ct. App. Mar. 12, 2002). Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court, raising the following claim:

> I.  The Court of Appeals' finding that Lawrence Bigby was denied the effective assistance of counsel is clearly erroneous where the Court found that defendant did not demonstrate ineffectiveness.

On December 4, 2002, the Michigan Supreme Court denied leave to appeal. *People v. Bigby*, 467 Mich. 910, 654 N.W.2d 333 (2002).

Pursuant to M.C.R. 6.500 *et. seq.*, Petitioner then filed a motion for a new trial and for an evidentiary hearing claiming: (1) that his trial counsel was ineffective for failing to interview the physician who examined the complainant and, (2) that his appellate counsel was ineffective for failing to raise that issue on appeal. On December 19, 2003, the trial court denied Petitioner's motion for relief from judgment. *People v. Bigby*, No. 99-7375 (Wayne County Circuit Court, Dec. 19, 2003).

Petitioner thereafter filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. The Honorable Robert H. Cleland dismissed the petition for failure to exhaust state remedies. *People v. Bigby*, No. 04-70705 (E.D.Mich. Mar. 5, 2004).

Petitioner then filed an application for leave to appeal from the trial court's denial of his post-conviction motion with the Michigan Court of Appeals. On December 16, 2004, the Michigan Court of Appeals denied Petitioner's application for leave to appeal. *People v. Bigby*, No. 255102 (Mich. Ct. App. Dec. 16, 2004). Petitioner's application for leave to appeal from that decision was also denied by the Michigan Supreme Court. *People v. Bigby*, 474 Mich. 896, 705 N.W.2d 116 (2005).

On December 18, 2005, Petitioner filed the pending petition for writ of habeas corpus raising the following claims:

> I. Ineffective assistance of trial counsel–failure to suppress the showing of a single photograph, while Petitioner was in custody; failure to object to the in-court identification on the basis it was the result of improper police procedure, and failure to object to the admission of the photograph into evidence.
>
> II. Ineffective assistance of trial counsel–trial counsel failed to investigate by interviewing physicians who performed same-day medical examination and failed to produce the report.
>
> III. Ineffective assistance of appellate counsel–appellate counsel failed to file a timely motion for an evidentiary hearing regarding ineffective assistance of trial counsel on identification issue denying Petitioner an adequate and meaningful appellate review.
>
> IV. Ineffective assistance of appellate counsel–appellate counsel failed to first issue on direct appeal meritorious issue of trial counsel's failure to investigate conceded lack of medical evidence and trial counsel's failure to produce

medical report in the face of the prosecution's weak case.

## II.  Facts

This Court adopts the findings of fact as outlined in the Michigan Court of Appeals' decision.  Those facts are presumed to be correct under 28. U.S.C. § 2254(e)(1), and are as follows:

> On July 16, 1999, the twelve-year-old victim went with his grandmother to visit his great-grandmother at her apartment complex.  At approximately 3:00 p.m., the victim's great-grandmother asked him to go to the laundry room and retrieve her clothes from the dryer.  Shortly after the victim arrived at the laundry room, [Petitioner] walked in.  While the victim retrieved his great-grandmother's clothes, [Petitioner] began to ask him questions.  Thereafter, [Petitioner] took the victim by the hand, directed him into a utility room, and sexually assaulted him.
>
> After the victim disappeared for ten or fifteen minutes, the victim's grandmother proceeded into the laundry room where she observed the victim emerge from the utility room.  The victim's grandmother then peered into the utility room wherein she observed an unidentifiable figure.  After she and the victim left the laundry room and they began walking down the hallway, the victim advised of [Petitioner's] conduct.  The victim's grandmother then turned around and proceeded back into the laundry room where [Petitioner] stood folding his clothes.  At this time, and very shortly after the assault occurred, the victim's grandmother confronted [Petitioner] in the victim's presence. When the police arrived, the victim was shown a photograph of [Petitioner] for identification purposes prior to [Petitioner's] arrest. The victim testified that the police actually had two photographs, but he was shown only one.

*People v. Bigby*, No. 226308, slip op. at 1-2.

## III.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state court decisions. Specifically, 28 U.S.C. § 2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

Under (d)(1), a federal court may grant a writ of habeas corpus under two different clauses, both of which provide two bases for relief. Under the "contrary to" clause, a federal court may grant habeas relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The words "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed." *Id.*

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts. *Williams*, 529 U.S. at 407-08. Relief is also available under this clause if the state court decision either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the

"unreasonable application" analysis is whether the state court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S. at 407; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

In analyzing whether a state court decision is "contrary to" or an "unreasonable application" of clearly established Supreme Court precedent, a federal court may only look to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Williams*, 529 U.S. at 412.

### IV.  Analysis

####   A.   Ineffective Assistance of Trial and Appellate Counsel Claims Regarding Complainant's In-court Identification of Petitioner

Petitioner raises four ineffective assistance of counsel claims, two pertaining to his trial counsel, and two pertaining to his appellate counsel. Petitioner argues that his trial counsel was ineffective for failing to file a motion to suppress the in-court identification by the twelve-year-old complainant. Petitioner contends that, by showing the complainant one photograph of him before his arrest, the police impermissibly tainted the complainant's subsequent in-court identification and that trial counsel was ineffective by failing to move to suppress that identification. Petitioner also argues that his appellate counsel was ineffective for failing to raise the issue of trial counsel's alleged ineffectiveness as to the above-stated issue.

To prevail on his ineffective assistance of counsel claim, Petitioner must show that the state court's conclusion regarding that claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 688 (1984). *See Cathron v. Jones*, 190 F.Supp.2d 990, 996 (E.D.Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of

counsel: the petitioner must show (1) that counsel's performance was deficient and, (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

Due process protects the accused against the introduction of evidence which results from an unreliable identification obtained through unnecessarily suggestive procedures. *Moore v. Illinois*, 434 U.S. 220, 227 (1977). To determine whether an identification procedure violates due process, courts look first to whether the procedure was impermissibly suggestive; if so, courts then determine whether, under the totality of circumstances, the suggestiveness has led to a substantial likelihood of an irreparable misidentification. *Kado v. Adams*, 971 F.Supp.1143, 1147-48 (E.D.Mich. 1997) (citing *Neil v. Biggers*, 409 U.S. 188 (1972)). Five factors should be considered in determining the reliability of identification evidence: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. at 199-200.

A criminal defendant has the initial burden of proving that the identification procedure was impermissibly suggestive. It is only after a defendant meets this burden of proof that the burden then shifts to the prosecutor to prove that the identification was reliable independent of the suggestive identification procedure. *See Johnson v. Warren*, 344 F.Supp.2d 1081, 1090 (E.D.Mich. 2004) (citing *English v. Cody*, 241 F.3d 1279, 1282-83 (10th Cir. 2001) (citing *United States v. Wade*, 388 U.S. 218, 240, n. 31 (1967)). If a defendant fails to show that the identification procedures were impermissibly suggestive, or if the totality of the circumstances indicate that the identification is otherwise reliable, no due process violation has occurred; so

long as there is not a substantial misidentification, it is for the jury or factfinder to determine the ultimate weight to be given to the identification. *See United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992); *Johnson*, 344 F.Supp.2d at 1090.

The Michigan Court of Appeals, the last court to issue a reasoned decision on this issue in this case, stated:

> Defendant also argues that he was denied the effective assistance of counsel because his attorney did not move to suppress the victim's in-court identification of defendant. To set forth a viable claim for the ineffective assistance of counsel, defendant must establish deficient performance by counsel and a reasonable probability that but for that deficiency, the result would have been different. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) citing *People v Johnson*, 451 Mich 115; 545 NW2d 637 (1996). Pursuant to *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973), claims for ineffective assistance of counsel should be raised by a motion for a new trial or evidentiary hearing. In the case at bar, defendant brought a motion for a new trial and raised the issue. Ultimately, the trial court denied defendant's motion.
>
> Defendant maintains that by showing the victim one photograph of defendant before defendant's arrest, the police impermissibly tainted the victim's subsequent in-court identification and that trial counsel was ineffective by failing to move to suppress that identification. We disagree.
>
> Photographic identification procedures violate a defendant's due process rights if they are so impermissibly suggestive as to give rise to a substantial likelihood that there will be a misidentification. *People v Gray*, 457 Mich 107, 111; 577 NW2d 92 (1998). An improper suggestion may arise when a witness is shown only one person or a group in which one person is singled out in some way. *Id.* In this case, it is unclear from the record whether the police had one or two photographs of defendant; however, the record is clear that the police only showed the victim one photograph. This alone may be impermissibly suggestive; however, our inquiry doe not end there. We must further determine whether there was an independent basis for the in-court identification. *Id.* at 114-115.

> The independent basis inquiry requires a factual analysis, and the validity of a witness' in-court identification must be viewed in light of the totality of the circumstances. *Gray*, *supra* at 114-115. There are several relevant factors to consider when examining the totality of the circumstances, such as the opportunity for the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of a prior description, the witness' level of certainty at the pretrial identification procedure, and the length of time between the crime and the identification. *People v Colon*, 233 Mich App 295, 304-305; 591 NW2d 692 (1998).
>
> In this case, the witness was the victim of sexual assault. Although the victim never observed defendant before the incident, defendant engaged in a conversation with the victim wherein defendant asked him several questions. Additionally, the victim gave a general description of the perpetrator noting in particular that the perpetrator had braids. Finally, the incident occurred at 3:00 p.m., and the witness indicated that the main portion of the laundry room was lighted. Thus, there was an independent basis for the witness's in-court identification of defendant. In view of the foregoing, we conclude that defendant has not overcome the onerous presumption of effective assistance. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). Moreover, defendant failed to demonstrate that but for trial counsel's alleged deficiency, the result would have been different. See *Hoag*, *supra* at 6.

*People v. Bigby*, No. 226308, slip op. at 2-3.

This Court finds that the Michigan Court of Appeals' decision is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. In this case, assuming that the pre-trial identification procedures were unduly suggestive, Petitioner has failed to show, under the totality of circumstances, that the suggestiveness led to a substantial likelihood of an irreparable misidentification. Rather, there was a strong independent basis for complainant's identification of Petitioner. As the Michigan Court of Appeals recognized, Petitioner was with the complainant for ten or fifteen minutes and spoke to him before the incident occurred. Moreover, the complainant was not an infant or even a small child but was

twelve-years old and his grandmother corroborated his identification of Petitioner.

In light of the fact that the complainant's identification of Petitioner was independently reliable, given the ample opportunity that he had to observe Petitioner at the crime scene, and the certainty of his in-court identification, Petitioner was not prejudiced, as required to establish ineffective assistance, by trial counsel's failure to make a pretrial motion to suppress the identification. Petitioner is not entitled to habeas relief on this claim.

For the same reason, Petitioner is not entitled to habeas relief regarding his ineffective assistance of appellate counsel claim–for appellate counsel's failure to raise the issue of trial counsel's alleged ineffectiveness as to the above issue on appeal. The standard of review for assessing whether appellate counsel was unconstitutionally ineffective follows the standard set forth in *Strickland*, 466 U.S. at 694. A criminal defendant has no constitutional right to have every possible legal issue raised on appeal, and tactical choices regarding issues on appeal "are properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir.), *cert. denied*, 498 U.S. 1002 (1990). Petitioner is not entitled to habeas relief regarding his ineffective assistance of appellate counsel claim on this issue.

      **B.**    **Ineffective Assistance of Trial and Appellate Counsel Claims Regarding Failure to Interview the Physician Who Examined the Complainant.**

          **1.**    **Procedural Default**

In claims II and IV, Petitioner alleges that he was deprived of the effective assistance of counsel at trial and on appeal. Respondent contends that Petitioner's claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise those issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3). Petitioner contends that any procedural default should be excused due to the ineffectiveness of appellate counsel.

The procedural rule in question is Michigan Court Rule 6.508(D), which prohibits granting relief from judgment if a motion

> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
> (b) actual prejudice from the alleged irregularities that support the claim for relief.

M.C.R. 6.508(D).

Petitioner violated the essence of Rule 6.508(D)(3) by not raising this claim about trial counsel on direct appeal. Rather, he raised this claim, regarding counsel's failure to interview the physician who examined the complainant, for the first time in his motion for relief from judgment and in the subsequent appeals to the state appellate courts.

A state procedural rule is an adequate and independent basis for denying relief if it was "firmly established and regularly followed" at the time it was applied, *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir. 1998) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-424 (1991)), and if

the state court actually relied on the rule. *Harris v. Reed*, 489 U.S. 255, 263 (1989). Here, all three state courts relied on the rule to deny relief. The trial court enforced the rule in its order denying Petitioner's motion for relief from judgment.[1] The court stated:

> Defendant's effort to demonstrate the requisite requirement of actual prejudice consists mostly of legal rhetoric and conclusions. He claims that trial counsel's errors were so serious as to constitute a miscarriage of justice. However, his only fully articulated claim against trial counsel is his failure to challenge the in-court identification of Defendant. This issue has been previously decided against Defendant in his appeal of right; and therefore will not support a claim of actual prejudice.

*People v. Bigby*, No. 99-7375 (Wayne County Circuit Court, Dec. 19, 2003). The trial court went on to say that Petitioner had not met his burden under Rule 6.508(D)(3) of establishing "good cause" and "actual prejudice." *Id.* Both appellate courts declined to consider the claims and denied Petitioner's request for relief because he failed to meet his burden pursuant to M.C.R. 6.508(D). *People v. Bigby*, No. 255102 (Mich. Ct. App. Dec. 16, 2004); *People v. Bigby*, 474 Mich. 896, 705 N.W.2d 116 (2005) (defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)). Thus, in order for Petitioner to prevail on his claim,

he must show cause for his procedural default and resulting prejudice or that failure to review his claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner attempts to establish cause with respect to the claim that he received

---

[1] The trial court addressed only Petitioner's claim about trial counsel. Petitioner's claim about appellate counsel is not procedurally defaulted, because Petitioner's motion for relief from judgment was the earliest opportunity that Petitioner had to raise the claim. *Whiting v. Burt*, 395 F.3d 602, 615 n. 7 (6th Cir. 2005) (quoting *Hicks v. Straub*, 377 F.3d 538, 558 n. 17 (6th Cir. 2004)).

ineffective assistance of appellate counsel, by alleging that his assigned appellate counsel should have raised the issue of his trial counsel's ineffectiveness of failing to interview the physician who examined the complainant in his appeal of right. Ineffective assistance of counsel is "cause" for a procedural default and allows a federal court to reach the merits of a defaulted claim if the attorney was constitutionally ineffective under the standard established in *Strickland*. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). An attorney is constitutionally ineffective under *Strickland* if his or her performance was deficient and the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

An appellate attorney need not raise every non-frivolous argument on appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Jones v. Barnes*, 463 U.S. 745, 751 (1983), and "the requisite prejudice cannot be shown if the claims are found to lack merit." *Burton v. Renico*, 391 F.3d 764 (6th Cir. 2004). "Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "In such cases, the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003) (quoting *Smith v. Robbins*, 528 U.S. at 288); *see also Mapes v. Coyle*, 171 F.3d 408, 427-428 (6th Cir. 1999). With these principles in mind, the Court will proceed to review Petitioner's claim.

### 2. Trial Counsel

Petitioner contends that trial counsel failed to interview the physician who examined the complainant, and to present evidence regarding such. Petitioner asserts that such evidence

would have demonstrated that no sexual assault occurred.

Defense counsel questioned the complainant extensively about the events that occurred on the day in question. The complainant's version of the facts did not change–he told defense counsel that after he had told his grandmother what had happened, the police were called. When the police arrived at his great-grandmother's apartment, he told them what had happened. The police then took him to Children's Hospital in Detroit, Michigan, where a female officer questioned him regarding the events–the complainant reiterated the facts as initially told to the police at his great-grandmother's apartment. At the hospital, he was examined, but no rape kit was done. According to the complainant, Petitioner performed oral sex on him and then attempted sodomy. Complainant testified that as Petitioner was attempting sodomy, he pulled away because "[i]t started hurting, then I jerked away." (Trial Tr. Vol. I, p. 126.)

It is unclear exactly what defense counsel would have learned from interviewing the physician, as there was no trace evidence discovered, and no rape kit was performed. Moreover, defense counsel may have been reluctant to raise such matters, because considering the allegations, the evidence sought would not have necessarily exculpated Petitioner. The jurors could have still concluded that Petitioner sexually assaulted the complainant based on the description of the events that occurred.

For those reasons, trial counsel's alleged failure to interview the physician who examined the complainant did not fall below an objective standard of reasonableness. Therefore, because Petitioner's claim about trial counsel lacks merit, appellate counsel's failure to raise that claim on direct appeal cannot be deemed constitutionally deficient performance, and Petitioner cannot rely on ineffective assistance of appellate counsel as cause to excuse his procedural default.

### 3.  Prejudice; Miscarriage of Justice

The Court need not determine if Petitioner was prejudices by the alleged violation of federal law, because he has not shown "cause."  *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Willis v. Smith*, 351 F.3d 741, 746 (6th Cir. 2003).  And because Petitioner has not submitted any new evidence that he is actually innocent of the underlying offense, a miscarriage of justice will not occur as a result of the Court's decision not to adjudicate the merits of this claim.

### V.  Conclusion

For the reasons stated above, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong.  *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition.  *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002); *Dell v. Straub*, 194 F.Supp.2d 629, 658 (E.D.Mich. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court is also satisfied that reasonable jurists could not find the Court's ruling debatable. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly, the Court **DENIES WITH PREJUDICE** Petitioner's petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

**IT IS SO ORDERED.**


          ___s/Bernard A. Friedman_____
          Bernard A. Friedman
          United States District Judge


Dated: __May 2, 2007___